IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW C. HOWE, <br><br> Plaintiff, <br><br> vs. <br><br> NEBRASKA DEPT OF CORRECTIONS, and LINCOLN COUNTY DETENTION, <br><br> Defendants. | **8:22CV403** <br><br> **MEMORANDUM AND ORDER** |

Plaintiff Matthew C. Howe filed a Complaint on November 21, 2022. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff indicates he is both a pretrial detainee and a convicted and sentenced state prisoner presently confined in the Republic County Jail in Kansas. Filing No. 1 at 4. Plaintiff sues the Nebraska Department of Correctional Services ("NDCS")[1] and Lincoln County Detention (collectively "Defendants") under 42 U.S.C. § 1983 for refusing to send his personal property when he moved facilities on or around September 20, 2022. Plaintiff's property includes legal and medical property, namely his knee brace without which Plaintiff's "knee is hurting and getting worse." Id. at 5. Plaintiff seeks a court order forcing Defendants to send him his property and $10,000 in damages for "the surgery [he'll] need on [his] knee from not having [his] brace." Id.

---

[1] Plaintiff identifies this defendant as the "Nebraska Dept of Corrections" in his Complaint, but the Court will use the agency's full title. See Neb. Rev. Stat. § 83-922 (identifying the functions of the "Department of Correctional Services").

<a>
</a>

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  See 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the

United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

**A.  Nebraska Department of Correctional Services**

Plaintiff names the NDCS as a defendant.  However, states or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989), and suits for money damages against the state or its agencies are barred by the Eleventh Amendment.  *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars suit against state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir.1989) (suit brought solely against state or state agency is proscribed by Eleventh Amendment); *see also Brown v. Arkansas Dep't of Human Servs.*, 452 F. App'x 690, 693 (8th Cir. 2011) (unpublished) (plaintiff's § 1983 claims against state agency barred by Eleventh Amendment).  Accordingly, the NDCS must be dismissed for failure to state a claim upon which relief can be granted.

**B.  Lincoln County Detention**

Plaintiff also sues the Lincoln County Detention Center in North Platte, Nebraska. The Lincoln County Detention Center is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also LaDeaux v. Woodbury Cnty. Jail*, 857 F. App'x 892, 893 (8th Cir. 2021) (county jail "was not a legal entity subject to suit"); *Ketchum v. City of West Memphis*, Ark., 974 F.2d

81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst., 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Thus, Plaintiff's § 1983 claims against the Lincoln County Detention Center must also be dismissed.

**C. Due Process Claim for Return of Property**

Even if Plaintiff had named a proper § 1983 defendant, the allegations of his Complaint fail to state a plausible claim for relief. Liberally construed, Plaintiff alleges a claim for return of his property under the Due Process Clause of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.

Here, Plaintiff's allegations suggest that the alleged deprivation of his property, even if intentional, was a random, unauthorized act by government employees. "When a state employee's unauthorized, random acts deprive a person of property, the state employee's acts do not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Clark v. Kansas City Mo. Sch. Dist., 375 F.3d 698, 702 (8th Cir. 2004) (internal quotation marks and citation omitted). The State of Nebraska provides an adequate post-deprivation remedy, including actions for conversion and replevin, and Plaintiff does not allege that such remedies were inadequate or that he even pursued them. See Hudson v. Palmer, 468 U.S. 517, 530–33 (1984) (if deprivation of property by prison officials is intentional and state provides adequate post-deprivation remedy, there is no due-process

4

violation); *Allen v. City of Kinloch*, 763 F.2d 335, 337 (8th Cir. 1985) (stating that plaintiff seeking return of personal property under 42 U.S.C. § 1983 failed to establish any violation of his constitutional rights because he could obtain adequate relief by filing a replevin action under state law); *Rush v. Weber*, No. 4:07CV3182, 2008 WL 2568264, at *4 (D. Neb. June 25, 2008) (plaintiff failed to state a due process claim for deprivation of property against county jail officials as "Nebraska law provides that Plaintiff may pursue the post-deprivation remedies of replevin and conversion" and plaintiff failed to show these remedies were inadequate or that he even pursued them (citing Neb. Rev. Stat. §§ 25–1093 to 25–1093.04)); *Zelenka v. Pratte*, 912 N.W.2d 723, 728 (Neb. 2018) (elements of replevin claim under Nebraska law); *Brook Valley Ltd. P'ship v. Mut. of Omaha Bank*, 825 N.W.2d 779, 787 (Neb. 2013) (elements of conversion under Nebraska law). Therefore, Plaintiff has failed to state a due process claim and his Complaint must be dismissed.

## IV. CONCLUSION

The two defendants named in Plaintiff's Complaint cannot be sued under 42 U.S.C. § 1983. Regardless, Plaintiff's allegations fail to state a violation of his constitutional rights, and the Court will dismiss his Complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

IT IS THEREFORE ORDERED that: This matter is dismissed without prejudice. The Court will enter judgment by a separate document.

Dated this 31st day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge